# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. RICHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV63 SNLJ |
| | ) | |
| DWAYNE KEMPKER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no.503914), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.50. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the amended complaint, the Court finds that the amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $12.50, and an average monthly balance of $9.88. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.50, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983 asserting a violation of his civil rights. Named as the sole defendant in this action is Dwayne Kempker, Deputy Division Director of Adult Institutions for the Missouri Department of Corrections.[1]

The Court first notes that plaintiff has brought a myriad of allegations in his amended complaint, all under the penumbra of a violation of his "due process rights." The amended complaint numbers fifty-four pages in length, although most of these pages appear to be made up of addendums to the pleading.

In order to try to ascertain which allegations plaintiff believes are the most salient in his amended complaint, the Court will turn to plaintiff's requested relief. Plaintiff requests that the Court "make Dwayne Kempker change policy SOP22-1.1 to allow inmates to retain and maintain lawfully purchased property." He also asks for reimbursement of the costs of maintaining the present lawsuit.

Having centered the issue in the case, the Court will look back to the allegations in the amended complaint, and the related addendums, and search for matters relating to the alleged policy to see how plaintiff believes the implementation of the policy affected his due process rights.

It appears that plaintiff has a watch that needs a new battery, but if he sends it out to have it fixed, it will be taken from him pursuant to a Missouri Department of Corrections ("MDOC") "policy." Plaintiff believes that this policy represents an unlawful taking in violation of the due process clause. Apparently, if the item is "fixed," it is considered "new" under the policy, and because the item is no longer sold at the prison, it is then withheld from the prisoner. Under the

---

[1] Plaintiff has attempted to bring this action as a "class action," on behalf of others similarly situated, but as a pro se litigant, he is legally unable to do so. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se."); Federal Rule Civil Procedure 23(a)(4) ( a class representative must "fairly and adequately protect the interests of the class").

policy, the inmate is provided a certain time period, usually sixty (60) days, to send the "new" item to someone outside the prison either by mail or through approved visitation procedures.

Plaintiff appears to believe that because his watch could be repaired, his use of the watch should be "grandfathered" under the MDOC Rules and Regulations, and thus, he should be able to keep the watch while residing at SECC. The prison regulations state that only items currently being sold at the prison can remain.

## Discussion

The complaint is silent as to whether defendant Kempker is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir.1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendant Kempker.

Moreover, the Court feels compelled to add that even if plaintiff would have named defendant Kempker in his individual capacity his allegations would still fail to state a claim for relief. Plaintiff's allegations sound not as a violation of the due process clause, but instead of a prison regulation. And a federal court's inquiry is not whether prison regulation was violated but whether the Constitution was violated. *Griffin-Bey v. Bowersox,* 978 F.2d 455, 457 (8th Cir. 1992) (per curiam).

Although the due process clause may be implicated when a prisoner suffers a loss of property, if the taking of property by prison officials is intentional, however, and the state provides an adequate post-deprivation remedy, there is no violation of due process. *Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 328 (1986). Missouri state laws provide an adequate post-deprivation remedy to plaintiff, if he wishes to seek one in Missouri state court. As such, there cannot be said to be a violation of the due process clause in this instance. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) (taking did not violate due process because Missouri prisoner had adequate post-deprivation remedy in state court); *Clark v. Kansas City Missouri School Dist.,* 375 F.3d 698, 703 (8th Cir. 2004) (no due process violation cognizable under § 1983 because Missouri provides adequate post-deprivation remedy of replevin).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of July, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE