**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOHN A. RICHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV63 SNLJ |
| | ) | |
| DWAYNE KEMPKER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff's motion for reconsideration of the dismissal of this action, pursuant to 28 U.S.C. § 1915(e)(2)(B), on July 10, 2015. Plaintiff additionally seeks leave to file a post-dismissal amendment to his complaint. Based on the following reasons, the Court will vacate the dismissal of this action, reopen the case and allow plaintiff to amend his complaint.

**Background**

Plaintiff, an inmate at SECC, filed this action pursuant to 42 U.S.C. § 1983 asserting a violation of his "due process" rights. Named as the sole defendant in this action was Dwayne Kempker, Deputy Division Director of Adult Institutions for the Missouri Department of Corrections.

Plaintiff's amended complaint numbered fifty-four (54) pages, and in an attempt to determine the allegations most salient to plaintiff's complaint, the Court turned toward plaintiff's requested relief. In his relief, plaintiff requested the Court "make Dwayne Kempker change policy SOP22-1.1 to allow inmates to retain and maintain lawfully purchased property." He also asked for reimbursement of the costs of maintaining the present lawsuit.

Having centered the issue in the case, the Court then looked toward the allegations in the amended complaint, and the related addendums, and searched for matters relating to the alleged policy (SOP22-1.1) to see how plaintiff believed the implementation of the policy affected his due process rights.

To summarize, plaintiff stated in his complaint that he had a watch that needed a new battery, but if he sent the watch out of the prison to have it fixed, it would be taken from him pursuant to a Missouri Department of Corrections ("MDOC") "policy."

In his complaint, plaintiff alleged that the policy represented an unlawful taking in violation of the due process clause. Apparently, under the policy, if the item is "fixed," it is considered "new." And because the item is no longer sold at the prison, it is then withheld from the prisoner. Also, the policy provides a certain time period, usually sixty (60) days, to send the "new" item to someone outside the prison either by mail or through approved visitation procedures.

Plaintiff stated in his complaint that he believed that because his watch could be repaired, his use of the watch should be "grandfathered" under the MDOC Rules and Regulations, and thus, he should be able to keep the watch while residing at SECC. The prison regulations state that only items currently being sold at the prison can remain.

In its dismissal order, the Court first pointed out that plaintiff had named only one defendant in the complaint, and the complaint had been silent as to the capacity he was suing defendant Dwayne Kempker. Because Kemper, the Director of Adult Institutions for MDOC, could not be held liable under his official capacity, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Court found that complaint failed to state a claim against defendant Kempker. However, the Court then noted that plaintiff's allegations, even if brought against defendant Kempker in his individual capacity, could not stand because the allegations did not

sound as a violation of the due process clause, but instead stated a violation of a prison regulation. A federal court's inquiry is not whether prison regulation was violated but whether the Constitution was violated. *Griffin-Bey v. Bowersox,* 978 F.2d 455, 457 (8th Cir. 1992) (per curiam).

The Court went on to note that a taking of property by prison officials is not a violation of due process if there is an adequate post-deprivation remedy, as there is in Missouri. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) (taking did not violate due process because Missouri prisoner had adequate post-deprivation remedy in state court).

### Discussion

In his motion to vacate the dismissal and amend his complaint, plaintiff seeks to frame his claim in two ways: as a First Amendment retaliation claim, as well as a 14th Amendment due process claim. He states that his rights to redress have been interfered with and he believes that he can frame his claim as one where the application of the DOC policy/"Grandfather Clause" unlawfully deprived him of his due process rights. Plaintiff appears to want to assert an unconstitutional policy or custom claim, brought against defendant Kemper in his official capacity, but he also appears to want to assert retaliation claims against other specific individuals, although he has not stated whether he will bring these claims against those defendants in their individual or official capacities.

The Court will vacate its prior dismissal order and allow plaintiff an opportunity to amend his complaint. Plaintiff shall have thirty (30) days to file his amended complaint, on a court-form, in this action. Plaintiff shall take care to fill in all areas of the form, including his "Statement of Claim," and his "Request for Relief."

Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b)

requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff shall also take care to enunciate whether he is suing the named defendants in their official or individual capacities, or both. If plaintiff believes that his claims are ongoing, he should note such in his second amended complaint.

Plaintiff is warned that the filing of his second amended complaint replaces the original complaint and his amended complaint, and claims that are not re-alleged are deemed abandoned. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his second amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice. *See* Fed.R.Civ.P.41(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to set aside the dismissal of this action [Doc. #12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Memorandum and Order and the Order of Dismissal, entered on July 10, 2015 [Doc. #9 and #10], are **VACATED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall reopen this matter.

**IT IS FURTHER ORDERED** that plaintiff shall submit a second amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion seeking leave to proceed in forma pauperis [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

Dated this 4<u>th</u> day of August, 2015.

                                         _____
                                         STEPHEN N. LIMBAUGH, JR.
                                         UNITED STATES DISTRICT JUDGE