# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. RICHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV63 SNLJ |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's second amended complaint. Based upon a review of the second amended complaint, the Court will issue process on plaintiff's due process claim against defendant Ian Wallace.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### The Second Amended Complaint

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983 asserting a violation of his civil rights. Named as the sole defendant in this action is Ian Wallace, Warden of SECC. Plaintiff brings this action against defendant in his official capacity, and he seeks injunctive relief with regard to this policy.[1]

It appears that plaintiff has a watch that needs a new battery, but if he sends it out to have it fixed, it will be taken from him pursuant to a SECC "policy" 22-1.1, that plaintiff states has been implemented and enforced by Warden Ian Wallace. Plaintiff believes that the policy allows staff at SECC to deprive inmates of their lawfully purchased property without the benefit of due process, in violation of the 14th Amendment.

An allegation that a MDOC administrator authorized or implemented an unconstitutional policy may be sufficient to state a claim for actions allegedly taken by that employee. *See Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir. 1999) (finding Cooper's allegation that DOC director Dora Schriro authorized the denial of printed materials to inmates is sufficiently specific to state a § 1983 claim for actions allegedly taken directly by her). As such, the Court will issue process on plaintiff's due process claim against defendant Wallace.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process on plaintiff's due process claim against defendant Ian Wallace in his official capacity through the Court's waiver of service agreement with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Ian Wallace shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff additionally seeks "nominal damages in an amount of $5000.00." The Court will not address plaintiff's claim for nominal damages at this time.

**IT IS FURTHER ORDERED** that the Clerk shall change the Court's docket to reflect that Ian Wallace is the only named defendant in this action.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 3rd day of September, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE