# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. RICHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV63 SNLJ |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

Before the Court are plaintiff's motions for preliminary injunction. [Doc. #18, #21 and #22].

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983 asserting a violation of his civil rights. Named as the sole defendant in this action is Ian Wallace, Warden of SECC. Plaintiff brings this action against defendant in his official capacity, and he seeks injunctive relief with regard to this policy.

In his complaint against defendant Wallace, plaintiff asserts that he has a watch that needs a new battery, but if he sends it out to have it fixed, it will be taken from him pursuant to SECC "policy" 22-1.1, that plaintiff states has been implemented and enforced by Warden Wallace. Plaintiff believes that the policy allows staff at SECC to deprive inmates of their lawfully purchased property without the benefit of due process, in violation of the 14th Amendment.

In his motions for preliminary injunction, plaintiff brings two issues before the Court. Plaintiff first requests that the Court "block" defendant Wallace from transferring him to another

prison during this litigation. He also requests access to "legal materials," such as stamps, envelopes, ink pens and paper necessary to "maintain his suit."

This Court finds that plaintiff has not satisfied the standard required for a preliminary injunction. A preliminary injunction is an extraordinary remedy and the burden of proof is on the moving party to establish the propriety of an injunction. *Watkins Inc. v. Lewis,* 346 F.3d 841, 844 (8th Cir.2003) *citing Goff v. Harper,* 60 F.3d 518, 520 (8th Cir.1995). The Court balances the following factors in deciding a motion for a preliminary injunction: (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between this harm and the harm that the relief would cause to the other litigants; and (4) whether the issuance of an injunction is in the public interest. *Id. citing Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109, 114 (8th Cir.1981). Further, in weighing these factors no single factor is in itself dispositive. rather, all of the factors must be considered to determine whether the balance weighs toward granting the injunction. *Sanborn Manufacturing Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.,* 997 F.2d 484, 486 (8th Cir.1993).

The Court finds that plaintiff cannot offer a likelihood of success on the merits on either one of his claims for preliminary injunctive relief. For example, plaintiff alleges in his motions that he is not being allowed access to purchases such items as pens, paper, stamps and envelopes. First, plaintiff has failed to provide any evidence to support his allegations that SECC officials are preventing him from purchasing these "legal supplies. Second, the Court has taken judicial notice that plaintiff has been able to timely and effectively file all necessary documents in this matter. Thus, the Court has absolutely no evidence that plaintiff's access to courts has been impeded. See *Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996).

As for plaintiff's request that the Court "block" any attempts by defendant Wallace to transfer him to another prison, the Court finds that plaintiff has not shown, a legal likelihood of success on the merits of this claim, either. Plaintiff is essentially seeking a "stay put" order from this Court, during the pendency of the litigation, although he has not given a reason for such an order. Plaintiff merely states in a conclusory manner that he believes that if he is transferred from SECC at this time it could potentially interfere with his access to courts. Plaintiff has not identified the prison he believes he will be transferred to, or articulated the reasons why he believes such prison will impede his access to courts. He states only that such a transfer will no doubt be "retaliatory."

Plaintiff's conclusory allegations regarding an alleged transfer that may or may not occur and the purported reasons behind such a transfer cannot form the basis for a preliminary injunction in this Court. Disruption of the Missouri penal system must be reserved for clearly demanding situations and such harm to plaintiff must truly be irreparable. Plaintiff has not adequately provided evidentiary support for his allegations of an unlawful transfer, and the Court must give some weight to prison management and administrative and security issues. However, if plaintiff is later transferred for a retaliatory reason that can later be proven in this Court, he will have a new constitutional allegation to add to the present lawsuit.

At this time, this Court finds no threat of immediate harm to weigh against the harm imposed by issuing a preliminary injunction. Further, this Court finds no public interest that would be furthered by the granting of plaintiff's motions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for preliminary injunction [Doc. #18, #21 and #22] are **DENIED**.

Dated this 9th day of October, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE