UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. RICHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV63 SNLJ |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Defendant, | ) | |

## **MEMORANDUM AND ORDER**

Before the Court are plaintiff's motions for preliminary injunction and for declaratory judgment. [Doc. #24 and #25]. The claim, for a "stay put order" at Southeast Correctional Center ("SECC"), is the same in both of plaintiff's motions.

**Background**

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983 asserting a violation of his civil rights. Named as the sole defendant in this action is Ian Wallace, Warden of SECC. Plaintiff brings this action against defendant in his official capacity, and he seeks injunctive relief with regard to this policy.

In his second amended complaint against defendant Wallace, plaintiff asserts that he has a watch that needs a new battery, but if he sends it out to have it fixed, it will be taken from him pursuant to SECC "policy" 22-1.1, that plaintiff states has been implemented and enforced by Warden Wallace. Plaintiff believes that the policy allows staff at SECC to deprive inmates of their lawfully purchased property without the benefit of due process, in violation of the 14th Amendment.

**Plaintiff's Request for Preliminary Injunction**

In his motions for injunction, plaintiff requests that the Court "block" defendant Wallace from transferring him to another prison during this litigation. As "evidence" of his upcoming transfer, plaintiff has attached a "classification hearing form" to his request, dated September 29, 2015, indicating that he will be transferred to another prison at some date in the near future. The exact language of the MDOC form states, "safety for protective custody status until pending transfer is completed."

Plaintiff asserts in his motions before this Court that he believes that the transfer orders were started immediately after he filed the instant lawsuit against defendant Wallace as retaliation for the present action. Plaintiff states that "defendant Wallace has sought to hinder/deny the plaintiff his 14th Amendment due process rights by putting the plaintiff in for transfer after being notified of the plaintiff's civil claim versus the defendant, and plaintiff asserts that the defendant Ian Wallace is deliberately stalling until such time as the plaintiff is transferred to avoid responding to the plaintiff's civil claims versus the defendant."

A retaliatory transfer would be a First Amendment violation, not a due process violation, if that in fact, were to be proven by plaintiff in this case. These allegations are, in fact, serious and troublesome, given the facts in this matter.

Thus, the Court requests that defendant Wallace respond to plaintiff's allegations in his pending motions for preliminary injunction. Defendant should specifically address when the transfer orders were initiated as to plaintiff and provide evidence of the same. Defendant should also indicate the reasons for said transfer, and provide reasonable evidence as to why such a transfer was necessary.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Wallace shall have thirty (30) days to respond to plaintiff's motion for preliminary injunction and for declaratory judgment, which this Court interprets as a "stay put" order, [Doc. #24 and #25]. Defendant's response shall be in accordance with the requirements set forth in this Memorandum and Order.

Dated this 3rd day of November, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE