# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

JOHN A. RICHMAN,     )
            )
     Plaintiff,    )
            )
    v.       )   No. 1:15CV63 SNLJ
            )
IAN WALLACE,      )
            )
     Defendant.   )

## MEMORANDUM AND ORDER

Before the Court are plaintiff's motions for preliminary injunction and for declaratory judgment. [Doc. #24, #25 and #28]. The claim, which was for a "stay put order" at Southeast Correctional Center ("SECC"), was the same in all of plaintiff's motions. Defendant Wallace has responded to plaintiff's motions, and plaintiff has filed a reply brief. [Doc. #34 and #35]. Also before the Court are plaintiff's motions for suppression of evidence, to remand and for appointment of counsel. [Doc. #31, #37 and #30].

## Background

Plaintiff, who is currently an inmate at Eastern, Reception, Diagnostic and Correctional Center ("ERDCC"), originally filed this action by placing it in the prison mailing system at SECC on or about March 11, 2015. He brings this action pursuant to 42 U.S.C. § 1983 asserting a violation of his civil rights. Named as the sole defendant in this action is Ian Wallace, Warden of SECC. Plaintiff brings this action against defendant in his official capacity, and he seeks injunctive relief with regard to a policy implemented by Warden Wallace at SECC.

In his second amended complaint against defendant Wallace, plaintiff asserts that while he was incarcerated at SECC, he had a watch that needed a new battery. He claimed that he was

told that if he sent the watch out to have it fixed, it would be taken from him pursuant to SECC "policy" 22-1.1, a policy implemented and enforced by Warden Wallace. Plaintiff claimed in his second amended complaint that he believed the policy allowed staff at SECC to deprive inmates of their lawfully purchased property without the benefit of due process, in violation of the 14th Amendment.

At the time of the filing of his second amended complaint on August 17, 2015, plaintiff was incarcerated in the Protective Housing Unit at SECC. Plaintiff claims that he was transferred out of the Protective Housing Unit and placed in Administrative Segregation at SECC on August 27, 2015, after "confronting Rick Rainey, caseworker, about divulging confidential information contained in a letter written to the Inspector General, to other inmates." Plaintiff asserts that he had contacted the Inspector General because he believed staff "was trying to setup the plaintiff in order to deprive plaintiff of legal access, as well as personal Grandfathered items." Plaintiff has placed the entirety of the letter to the Inspector General in evidence and it states, in pertinent part:

> For months, I've been stating that staff at SECC has been conspiring against me by employing certain PC inmates to threaten, bully, set me up, or assault me, so that staff can place me in Ad-Seg where I will be severely limited in my legal access making it hard for me to maintain my civil suit vs. the DOC. On 7-2-15, I sent letters to the Inm. Const./Ins. Gen. . . In this letter I requested a formal investigation, I provided names and evidence in support of my claim. But their [sic] has been no investigation.

> Therefore, I am taking action to provide staff at SECC are employment inmates to threaten, bully, set me up, or assault me. Proving that staff has and is still employing, inmate Stirlen, inmate Oliver, inmate Arnold, and inmate Wooter. My celly inmate Stirlen has been deliberately attempting to provoke me. So, I am going to send a letter to CCW Rainey on 7-31-15 asking for an administrative room move. Currently their [sic] are a couple open cells. But I am predicting that instead of placing me in one of the open cells, CCW Rainey will put me in the cell with inmate Arnold a 6'5", 340 lb, bully, hoping I will check in, and that Rainey will put my celly inmate Stirlen and inmate Oliver in a cell together, as I stated was the motive for a previous attempt by inmate Stirlen to set me up on 3-9-15. . .

CCW Rainey's motive for placing me in the cell with inmate Arnold will be to get me to check out of the cell so that he (CCW Rainey) can put me in Ad-Seg as previously stated.

If CCW Rainey placed me in the cell with inmate Arnold, instead of putting me in one of the open cells it will substantiate [the prior letters]. It will also prove the "staff investigation" was falsified.

The letter does not make mention of the alleged unlawful policy at issue in the lawsuit or any "Grandfathered items."

The Court reviewed plaintiff's second amended complaint on September 3, 2015, pursuant to 28 U.S.C. § 1915, and ordered service of process on defendant Ian Wallace, in his official capacity, relative to plaintiff's unlawful policy claim. Defendant Wallace was served with process on or about September 25, 2015, in this action. [Doc. #20]. He filed an Answer to plaintiff's second amended complaint, through his counsel, on November 2, 2015. [Doc. #26]. Plaintiff was transferred from SECC to ERDCC on November 3, 2015.

In his response brief, plaintiff states that "staff used false pretenses to obtain the plaintiff's signature on a transfer order on 10/22/15." Plaintiff seeks a "return order" to SECC such that his claims in the present lawsuit should not be dismissed.

However, defendant Wallace has presented evidence before this Court that the transfer was requested by a correctional employee by the name of Susan Price on September 25, 2015. The evidence provided by defendant suggests that the transfer was requested because plaintiff named four individuals as enemies who were also being held in protective custody. Thus, he had too many people on his enemy list in both the general population and in protective custody. Plaintiff's transfer was approved by four other MDOC employees, none of which were Ian Wallace. By affidavit, defendant Wallace states that he did not order plaintiff transferred from SECC or order anyone else to transfer plaintiff.

## Discussion

In his motions for injunction, plaintiff requests that the Court "block" defendant Wallace from transferring him to another prison during this litigation. As plaintiff was transferred from SECC to ERDCC on November 3, 2015, plaintiff's request for a "stay put" order, or to "block" defendant Wallace from transferring him, is technically moot. *See O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effect."); *Gladson v. Iowa Department of Corrections*, 551 F.3d 825, 835 (8th Cir.2009) (noting that when a prisoner has been transferred to a new correctional facility, his claims for injunctive and declaratory relief are properly denied as moot); *see also, Pratt v. Correctional Corp. of America*, 267 Fed. Appx. 482 (8th Cir.2008); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir.1999).

Despite the aforementioned, the Court notes that plaintiff sought his "stay put" order prior to his actual transfer in this case.[1] Additionally, plaintiff complained to this Court in his prior requests for preliminary injunction that he believed that the upcoming transfer to ERDCC was retaliatory in violation under the First Amendment. However, his accusations were conclusory in nature and were not contained in the body of his complaint. Nonetheless, attached to his reply brief, plaintiff has presented to the Court a signed document he provided to staff at SECC, indicating that he would have waived certain persons in the protective custody unit on his "enemy list," in order to avoid a transfer to another prison. The attempted waiver of these persons from his enemy list at SECC has not been addressed by defendant Wallace in this action.

---

[1] The Court denied plaintiff's motions on September 9, 2015. [Doc. #23]

Thus, although the Court will deny plaintiff's current requests for injunctions as moot, the Court is mindful of the lenience in which pro se prisoners should be allowed to present claims, especially first amendment retaliation claims, to the Courts within the Eighth Circuit. As such, the Court will allow plaintiff one last chance to amend his complaint to state a claim in this action.

Plaintiff should be aware that currently, because his second amended complaint stated only a claim for injunctive relief against defendant Wallace in his official capacity, it has been negated, or subject to dismissal, by his transfer to ERDCC. In other words, plaintiff no longer has a valid claim against defendant Wallace in this action. Thus, in order to continue with the present lawsuit, his third amended complaint will have to state a new claim against the named defendant.

Plaintiff is required to submit his third amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly state the defendants which he is pursuing allegations against, and he must clearly identify the name and title of each defendant. He must also articulate, for each of those defendants, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case. Plaintiff should also articulate in what capacity he is

bringing claims against defendants, whether it is in their official or individual capacities or both. *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file his third amended complaint. Plaintiff is warned that the filing of the third amended complaint **completely replaces** the original and any other complaints, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his third amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

Last, the Court will decline to appoint counsel to plaintiff at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

At this time, there is not a valid complaint before the Court. As plaintiff has not yet presented any non-frivolous allegations for the Court to review, the Court will wait to review the third amended complaint before deciding whether the appointment of counsel would be appropriate in this matter. After filing his third amended complaint, plaintiff may renew his motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for preliminary injunction and for declaratory judgment [Doc. #24, #25 and #28] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for suppression of evidence [Doc. #31] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #30] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand this case to another court [Doc. #37] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall submit a third amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the third amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint Form.

Dated this 26<u>th</u> day of February, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE