UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. RICHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV63 SNLJ |
| | ) | |
| MISSOURI DEPT. OF CORR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), has filed his third amended complaint in this action. Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. After reviewing the third amended complaint, the Court will issue process on plaintiff's equal protection claim against defendant the Missouri Department of Corrections.

### Standard

To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

In his third amended complaint against defendant MDOC, plaintiff seeks injunctive relief for a state-wide policy that plaintiff believes denies him equal protection under the 14th Amendment. Plaintiff claims that MDOC policy IS22-1.1, a policy implemented and enforced by MDOC prison wardens across the state, denies he and others like him, property paid for each inmate at the prison commissary and in essence gives each inmate a "double punishment" after that inmate is given a prison violation.

In his third amended complaint, plaintiff states that inmates who own "grandfathered property" as defined by the policy, but who have never received: (1) conduct violations; (2) transfers for negative behavior; (3) custody elevations due to accumulations for CDVs; or (4) violations for being placed in administrative segregation, do not lose their "grandfathered property" when it is broken and they have to send it outside the prison to have it fixed. However, those who have these negative accumulations on their records and have broken "grandfathered property" do lose their "grandfathered property" if it is broken and needs to be fixed. Plaintiff calls this a "double punishment" and a restriction on his right to property. Plaintiff asserts that this treatment under policy IS22-1.1 bears no rational relationship to any penological interest.

## Discussion

In order to proceed with an equal protection claim, plaintiff, who is not a member of a suspect class, must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *See Village of*

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Brown v. Kempker*, 55 Fed.Appx 388 (8th Cir. 2002).

The Court will order process on the third amended complaint at this time. Service shall be effectuated against MDOC by the waiver agreement maintained with the Attorney General's Office.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process on plaintiff's equal protection claim for injunctive relief against the Missouri Department of Corrections through the Court's waiver of service agreement with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that defendant the Missouri Department of Corrections shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file his prison account statement [Doc. #43] is **DENIED AS MOOT**.

Dated this 8th day of September, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE