UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. RICHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-63 SNLJ |
| | ) | |
| MISSOURI DEPT. OF CORR., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's third amended complaint. Also before the Court is plaintiff's motion for preliminary injunction. Defendant's motion to dismiss will be granted. However, plaintiff will be granted leave to file an amended complaint. Plaintiff's motion for preliminary injunction will be denied without prejudice.

### Background

Plaintiff, John Richman, is presently incarcerated at Algoa Correctional Center. Before being relocated, plaintiff was an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") and Southeastern Correctional Center ("SECC").

The following facts, as taken from the third amended complaint, are presumed true for the purpose of the pending motion to dismiss.

In his third amended complaint against defendant the Missouri Department of Corrections ("MDOC"), plaintiff seeks injunctive relief for a state-wide policy that plaintiff believes denies him equal protection under the 14th Amendment.

Plaintiff claims that MDOC policy IS22-1.1, a policy implemented and enforced by MDOC prison wardens across the state, denies he and others like him, property paid by each inmate at the prison commissary and, in essence, gives each inmate a "double punishment" after that inmate is given a conduct violation.

Plaintiff states that inmates who own "grandfathered property" as defined by the policy, but who have never received: (1) conduct violations ("CDVs"); (2) transfers for negative behavior; (3) custody elevations due to accumulations for CDVs; or (4) violations for being placed in administrative segregation, do not lose their "grandfathered property" when it is broken and they have to send it outside the prison to have it fixed.

However, those inmates who have these negative accumulations on their records and have broken "grandfathered property" do lose their "grandfathered property" if it is broken and needs to be fixed. Plaintiff calls this a "double punishment" and a restriction on his right to property. Plaintiff asserts that this treatment under policy IS22-1.1 bears no rational relationship to any penological interest.

In its motion to dismiss presently before the Court, defendant MDOC does not address the substance of plaintiff's allegations, but instead insists that plaintiff's third amended complaint is subject to dismissal because "the suit is barred by the Eleventh Amendment to the U.S. Constitution."

Presently before the Court is plaintiff's fifth motion for preliminary injunction for retaliation, in violation of the First Amendment. [Doc. #56]

### Plaintiff's Motion for Preliminary Injunction

In his motion for preliminary injunction, plaintiff asserts that a month after this Court issued process on plaintiff's third amended complaint, on September 8, 2016, plaintiff was

subjected to a surprise urinalysis at ERDCC. Prior to the urinalysis, just two days after the Court issued process on his complaint, plaintiff filed a request with MDOC to be transferred to Farmington Correctional Center in order to be transferred to the "pre-release work program."

Plaintiff claims that this was the first urinalysis he was given "in years" and he objected to the request because he was not given a reason for the request. Plaintiff alleges that his urinalysis came back showing "no drugs in the urine sample." However, he was still issued a conduct violation because he was told the urine was "diluted" and then placed in Administrative Segregation, issued 180 days work restriction and prevented from transferring to Farmington for work release. Plaintiff was also referred to probation and parole for revocation of plaintiff's release date.

Plaintiff asserts that defendant's conduct was done in retaliation for his lawsuit. Plaintiff asks the Court to deny defendant's motion to dismiss and he asks the Court to require defendant to rescind all sanctions given to plaintiff. Plaintiff also requests damages for his time spent in Administrative Segregation.

In effect, plaintiff asks to amend his complaint to include a First Amendment retaliation claim. Defendant has not responded to plaintiff's motion.

**Legal Standard**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff. *See Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Thus, the issue is not whether the plaintiff will ultimately prevail, but instead is whether the plaintiff is entitled to present evidence in support of his claim. *See* Fed. R. Civ. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-556 (2007). A viable complaint must

contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With these principles in mind, the Court turns to the discussion.

## Discussion

The issue before the Court is whether plaintiff can bring a case against defendant in this action. As noted above, although plaintiff has brought this case against MDOC in the caption of his third amended complaint, he alleges that MDOC policy IS22-1.1 is implemented and enforced **by MDOC prison wardens** across the state of Missouri in a discriminatory manner. Defendant is correct that MDOC is not the proper party in interest in this action. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). However, in light of plaintiff's motion for preliminary injunction and the following case law, the Court will allow plaintiff to file a fourth amended complaint in order to name the real party in interest, the Direct of the Missouri Department of Corrections, Anne L. Precythe.

To "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).[1] Here, plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment as a result of policies implemented across MDOC prisons by defendant MDOC Director Anne L. Precythe.

---

[1] In order to proceed with an equal protection claim, plaintiff, who is not a member of a suspect class, must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Brown v. Kempker*, 55 Fed.Appx 388 (8th Cir. 2002).

4

To state a claim under Section 1983, "plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir.2014) (citing *Iqbal*, 556 U.S. at 676). Although "the doctrine of respondeat superior does not apply to § 1983 cases, a supervisor may still be liable under § 1983 if either her direct action or her 'failure to properly supervise and train the offending employee' caused the constitutional violation at issue." *Jackson*, 747 F.3d at 543 (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir.2001) and *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir.1989)). In addition, the Eighth Circuit has held that:

> The authority of the state DOC director to make prison-wide policy decisions may be sufficient to give rise to liability under § 1983. We have found a DOC director may be "responsible for [her] own failure to act," based on [her] statutory duty to administer the Department of Corrections and "supervise the administration of all institutions, facilities and services under the Department's jurisdiction" and [her] authority to change the challenged policies. *Messimer v. Lockhart*, 702 F.2d 729, 732 (8th Cir.1983) (quoting Ark. Stat. Ann. § 46–105(a) (1977)). Moreover, an allegation that the DOC director authorized an unconstitutional policy may be sufficient to state a claim "for actions allegedly taken directly by" the director. *Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir.1999). Under Missouri law, "[t]he general supervision, management and control of the department of corrections shall be in the director of corrections." Mo.Rev.Stat. § 217.025(1) (2013). As such, [the] MDOC Director ... is required to "establish the duties and responsibilities of employees of the department" and "supervise their work assignments." Mo.Rev.Stat. § 217.025(3) (2013). [She] is "responsible for the implementation of uniform policies and procedures governing offenders and staff," and [she] must "make and enforce such rules, regulations, orders and findings as the director may deem necessary for the proper management of all correctional centers and persons subject to the department's control." Mo.Rev.Stat. §§ 217.025(3), (6) (2013).

*Jackson*, 747 F.3d at 544. Thus, it appears that the Eighth Circuit countenances **an individual-capacity § 1983** claim against a prison system director for authorizing an unconstitutional policy or procedure in a manner that suggests respondeat superior is allowed in some narrow way.

As such, the Court will grant defendant's motion to dismiss, but will also allow plaintiff thirty (30) days to file a fourth amended complaint to encompass his claims against Director

5

Precythe. Plaintiff's motion for preliminary injunction will be denied, without prejudice, at this time, as plaintiff's claims in his motion for preliminary injunction should be included in his amended complaint. To the extent plaintiff wishes to include his retaliation claims in his amended complaint, he must clearly state the person or persons he wishes to sue, whether he is suing the individual or individuals in their official or individual capacities, and state clearly and concisely the claims he is bringing against those individuals and the relief he is seeking.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's fourth amended complaint [Doc. #51] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on a court provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [Doc. #56] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within thirty (30) days of the date of this Memorandum and Order, this case will be dismissed.

Dated this <u>14th</u> day of August, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE