# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. RICHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-63 SNLJ |
| | ) | |
| MISSOURI DEPT. OF CORR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiff's fifth amended complaint. After reviewing the parties' arguments in this matter, as well as the fifth amended complaint in full, the Court will deny the motion to dismiss this action.

### Background

Plaintiff, John Richman, is presently incarcerated at Algoa Correctional Center. Before being relocated, plaintiff was an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") and Southeastern Correctional Center ("SECC").

In his fifth amended complaint against defendant Anne Precythe, the Director of the Missouri Department of Corrections ("MDOC"), plaintiff seeks injunctive relief and nominal and punitive damages for a state-wide policy that plaintiff believes denies him equal protection under the 14th Amendment.

### Discussion

In his fifth amended complaint, plaintiff claims that MDOC policy IS22-1.1, a policy implemented and enforced by MDOC prison wardens across the state, violates plaintiff's 14th Amendment equal protection rights, authorizing MDOC staff acting under color of law to subject

offenders[1] "owning grandfathered property" to punishments, that are not applicable to offenders that do not own "grandfathered property," thereby creating prejudice, and unjustly punishing a certain group of offenders in violation of the Constitution.

Plaintiff believes Director Precythe may be responsible for her failure to act, or for acting with prejudice, based on her statutory duty to administer the Department of Corrections in a uniform manner. Plaintiff has directed the Court to the MDOC policy referred to in his complaint, which he argues demonstrates a policy that is prejudicial to plaintiff's 14th Amendment Equal Protection rights by calling for punishments on offenders owning grandfathered property; however, he believes that the punishments are not related to any legitimate governmental interest.

In defendant's motion to dismiss, defendant asserts that plaintiff has failed to allege he has been treated differently from other inmates similarly situated. Defendant also argues that plaintiff has failed to allege that his treatment was impermissible.

As noted above, plaintiff has stated that he, and others like him, are being treated differently than a group of offenders that do not own grandfathered property. This is clearly stated in plaintiff's Fifth Amended complaint. He additionally asserts that such treatment is impermissible because it is punishment without a legitimate governmental purpose, in violation of the 14th Amendment.

In light of the aforementioned, defendant's motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's fifth amended complaint [Doc. #64] is **DENIED**.

---

[1] Plaintiff states that MDOC has labeled he and others similarly situated as "offenders."

**IT IS FURTHER ORDERED** that plaintiff's conclusory request for summary judgment is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that defendant shall file an answer to plaintiff's fifth amended complaint no later than thirty (30) days from the date of this Memorandum and Order.

Dated this 7th day of December, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE